# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAUL V.A.,[1]<br>(A Number: 245-680-560)<br><br>Petitioner,<br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-02090-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**<br><br>(Doc. 12)<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Jose Raul V.A. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 12). Respondents filed an opposition. (Doc. 14). Petitioner filed a reply. (Doc. 15).

For the following reasons, the undersigned will recommend granting the motion in part.

## I. BACKGROUND

Following the parties' briefing on Petitioner's application for temporary restraining order

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the undersigned omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

and the merits of the petition, on March 31, 2026, the Court granted the petition and ordered that Respondents release Petitioner immediately, finding that Petitioner had a protected liberty interest and that due process requires a pre-deprivation hearing. (Doc. 10). Judgment for Petitioner was entered thereafter. (Doc. 11).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

While Respondents first request that the Court hold the pending motion in abeyance pending the outcomes in *Rodriguez Vasquez v. Bostock*, No. 25-6842 (9th Cir. 2026), and *Benavides Carballo*, No. 25-6533 (9th Cir. 2026), the undersigned will recommend declining to hold this motion in abeyance. (Doc. 14 at 2). In the alternative, Respondents oppose Petitioner's motion for award of attorney's fees and costs on two grounds: (1) that the EAJA does not permit the award of attorney's fees here because Respondents' position was "substantially justified" and (2) that even if the Court award EAJA fees, the Court should reduce the award requested. (*See id.* at 4–7).

### A. Whether This Proceeding Should be Stayed

The undersigned recommends declining to hold this motion in abeyance pending *Rodriguez Vasquez v. Bostock*, No. 25-6842 (9th Cir. 2026), and *Benavides Carballo*, No. 25-6533 (9th Cir. 2026), as (1) *Rodriguez Vasquez v. Bostock*, has been decided in a ruling against the novel statutory interpretation argument advanced by Respondents here, *see Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *31 (9th Cir. 2026) and (2) Respondents do not meaningfully justify their request to hold this motion in abeyance until the Ninth Circuit's decision in *Benavides Carballo*, *see Clinton v. Jones*, 520 U.S. 681, 708 (1997) ( the "proponent of a stay bears the burden of establishing its need").

**B. Whether Respondents' Position was "Substantially Justified" Under the EAJA**

On the merits, Respondents argue Petitioner should not be awarded fees under the EAJA because the government's positions in this litigation were substantially justified. (Doc. 14 at 4–6).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal*., 408 F.3d 613, 618 (9th Cir. 2005)). To be substantially justified, the government's position must have a "reasonable basis" in law and fact. *Id*. (citations omitted). "When evaluating the government's 'position' under the EAJA, [courts] consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based.'" *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1168 (9th Cir. 2019) (*quoting* 28 U.S.C. § 2412(d)(1)(B)).

Respondents maintain in opposition to Petitioner's fee motion that their prelitigation and litigation positions were substantially justified given that Petitioner's detention was pursuant to a statute they assert mandates detention, (*see* Doc. 14 at 4–6 (citing 8 U.S.C. § 1225); *see also* Doc. 8 at 1–3). Even if that premise is true, Respondents continue to unreasonably discount the applicability of the Due Process Clause under the Fifth Amendment to the U.S. Constitution when, as here, immigration authorities seek to maintain custody of a noncitizen who had been released on his own recognizance, without any determinate endpoint or assertions of violations of release conditions. In Respondents' characterization of governing precedent, section 1225(b)'s provision for mandatory detention pending completion of removal proceedings entirely displaces applicability of the Due Process Clause such that indeterminate detention is not only warranted, but required. (*See* Doc. 8 at 2). Thus, Respondents argued here that Petitioner has no liberty interest that could implicate a due process right to release because they were never lawfully admitted to the United States. (*See id.*) (arguing Plaintiff is an applicant for admission subject to mandatory detention).

But in making this argument, Respondents have *never* attempted to reconcile that after ICE detained Petitioner, Respondents then released Petitioner into the country, implicitly finding that his release presented neither flight nor danger risks. *See* 8 C.F.R. § 1236.1(c)(8) ("Any officer

authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."). Nor do Respondents refute or grapple with the fact that, for the over two-year period following his release, Petitioner successfully complied with the conditions of his release. *E.g.*, *Tzafir v. Blanche*, No. 25-cv-02126-JHC, 2026 WL 1413606, at *2 (W.D. Wash. May 20, 2026) (finding government's position not substantially justified where petitioner was ordered removed but then released on an order of supervision, complied with all conditions of release for years, and eventually was rearrested; reasoning, "when revoking a noncitizen's OSUP, the government must articulate changed circumstances in the noncitizen's case"). Petitioner asserted in his petition that immigration authorities detained him when he appeared for a routine appointment at the Intensive Supervision Appearance Program ("ISAP") office. (Doc. 1 ¶ 16). Respondents did not provide any rebuttal to these assertions in their briefing. (*See* Doc. 8).

In addressing a related provision of the INA governing mandatory detention of certain noncitizens, the Supreme Court has recognized that such mandatory detention "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." *Nielsen v. Preap*, 586 U.S. 392, 420 (2019) (interpreting section 1226(c)). The most reasonable interpretation of *Preap* is that immigration detainees retain procedural due process rights notwithstanding the operation of a statute providing for a detainee's mandatory detention. Indeed, this interpretation—that statutory detention regimes are not to the exclusion of and do not displace a detainee's rights under the U.S. Constitution—is consistent with the Supreme Court's earlier holdings acknowledging this principle. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 695 (2001) (holding that the government's statutory authority to detain noncitizens pending removal "is subject to important constitutional limitations" because due process applies to anyone in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent"); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (reiterating that a noncitizen who successfully enters the United States and afterwards is subject to removal proceedings retains due process rights)

(citing cases), *superseded by statute on other grounds as stated in Dep't of Homeland Security v. Thuaissigiam*, 591 U.S. 103, 135 (2020).

Moreover, Petitioner was re-detained by the government when he voluntarily appeared at the ICE office in compliance with his supervision program, (*see* Doc. 1 ¶ 16), well after many courts had already decided that such re-detention without a pre-deprivation hearing violated due process. *See Pinchi v. Noem*, 792 F.Supp.3d 1025 (N.D. Cal. July 24, 2025); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. Nov. 26, 2025) (noting over 350 cases across approximately 50 courts rejecting government's position); *M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036–37 (N.D. Cal. 2025) (collecting cases). The Court of Appeals had long made it clear that civil immigration detention must be accompanied by adequate procedural safeguards. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). Finally, the Ninth Circuit has now joined numerous other Circuit Courts of Appeals in holding that the proper detention authority for noncitizens, like Petitioner, who have been released into the United States is the discretionary authority in 8 U.S.C. § 1226, not the mandatory detention authority exercised by respondents under 8 U.S.C. § 1225(b). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *31 (9th Cir. 2026); *accord Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Guerrero Orellana v. Moniz*, No. 25-2152, 2026 WL 2352042, at *17 (1st Cir. Aug. 13, 2026).

In light of the authority and the circumstances set forth above, the undersigned finds that Respondents' positions were not substantially justified because such positions do not have a "reasonable basis" in law and fact. *Thangaraja*, 428 F.3d at 874.

**C. Whether Petitioner's Fee Request is Reasonable**

In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district

court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. . . Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*.

Here, Respondents do challenge the reasonableness of the amount of fees requested by counsel for Petitioner. (*See* Doc. 14 at 6–7). Respondents argue that the entries associated with paralegal work are vague and potentially duplicative and that the hours spent by the attorney are unreasonable in light of the fact that the attorney "has already filed dozens if not hundreds of these same habeas petitions and motions for TRO in the district courts," "that pro se litigants routinely file with handwritten facts and form pleading in this district and win," and that some of Petitioner's attorney's time was duplicative. (Doc. 14 at 6–7).

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at 876–77; "Statutory Maximum Rates," *available at* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 8, 2026). This maximum rate—presently $258.46—controls unless the district court finds that a "special factor" warrants a higher rate, *see Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001), such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 766 (9th Cir. 1985). Because Counsel for Petitioner seeks only the statutory rate for attorney hours expended, the undersigned finds that rate reasonable. Counsel for Petitioner also requests paralegal fees at the rate of $125 per hour. (Doc. 12-2 at 2). Another judge of this District recently found this to be within the prevailing paralegal rate, and the undersigned finds this rate to be appropriate. *See Saesee v. Bisignano*, No. 1:21-cv-01562-SKO, 2026 WL 1398969, at *3 (E.D. Cal. May 19, 2026).

According to their declaration, counsel for Petitioner, Attorney Salgado, spent approximately 22 hours on tasks associated with litigating the merits of the case. Additionally, counsel for Petitioner seeks to recover for approximately 16 hours of time spent by paralegals on

the litigation, as well as the $5.00 filing fee. (Doc. 12-2 at 2). Counsel attaches the signed declaration of Petitioner in support of the motion. (Doc. 12-1).

Counsel also attaches a billing ledger. (Doc. 12-4). Attorney Salgado billed approximately 22 hours on all tasks associated with the petition, including case intake, interviewing the client and relatives, preparing the petition, preparing the TRO, communicating with Petitioner, drafting the motion for TRO, preparing litigation strategy, reviewing Respondents' opposition to the petition, preparing a reply, reviewing order granting petition, and client communication. (Doc. 12-4). Respondents argue that "over 22 hours by an attorney who has already filed dozens if not hundreds of these same habeas petitions and motions for TRO in the district courts, that pro se litigants routinely file with handwritten facts and form pleading in this district and win, cannot be objectively reasonable." The undersigned disagrees.

Based on the undersigned's experience presiding over a significant number of immigration related habeas corpus cases, coupled with the hours found reasonable by other courts in similar actions, the undersigned finds that counsel's expenditure in this action of 22 hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S. v. Warden*, No. 1:26-CV-00188-TLN-CSK, 2026 WL 2110865, at *8 (E.D. Cal. July 22, 2026) (awarding $14,732.22 for 57 attorney hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S. v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 1:26-CV-01039-JLT-EGC (HC), 2026 WL 1847393, at *2 (E.D. Cal. June 26, 2026), *report and recommendation adopted sub nom. A.S. v. Noem*, No. 1:26-CV-01039 JLT EGC (HC), 2026 WL 2030166 (E.D. Cal. July 14, 2026) (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-

01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

As to the billing entries for work conducted by paralegals and staff, the tasks as recorded on the billing entries for the most part do not appear to be duplicative, consisting primarily of tasks related to filing, service of documents, compiling of exhibits, and client communication. (Doc. 12-4). However, the undersigned finds that the 3.5 hours spent by the paralegal on April 2, 2026 is impermissibly block-billed, which makes it impossible for the undersigned to confirm that the time expended is not duplicative or clerical. *Chanthavong v. Astrue*, No. 1:09-CV-1561 SKO, 2011 WL 6751930, at *12 (E.D. Cal. Dec. 23, 2011) ("Without any indication of how much time was spent in the block-billed entries, some of this time appears duplicative and redundant"); *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (finding "purely clerical or secretarial tasks" not recoverable under EAJA). Therefore, the undersigned recommends reducing the paralegal time by 3.5 hours.

In sum, the undersigned finds as follows:

(1) Total attorney hours deemed reasonable: 22 * $258.46/hr. = $5686.12;

(2) Total paralegal hours deemed reasonable: 13 * $125 /hr. = $1,625.00;

(3) Filing fee = $5.00

(4) Total fees and costs deemed reasonable: $7,316.12.

In light of the above, and having found the requested amount reasonable, the undersigned will recommend that the motion be granted in part.

## IV. CONCLUSION & RECOMMENDATION

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Petitioner's motion for the award of attorney's fees, (Doc. 12), be GRANTED IN PART;

2. Respondents be ordered to remit to counsel for Petitioner attorney's fees and expenses in the amount of $7,316.12; and

3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause

the payment of attorney's fees and expenses to be made directly to Petitioner's counsel.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 4, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE