**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE RAUL V.A.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-02090 JLT EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITIONER'S MOTION FOR FEES

(Docs. 12, 16)

Jose Raul V.A. is a former federal detainee. On March 31, 2026, the Court granted his petition for writ of habeas corpus under 28 U.S.C. § 2241 and ordered his immediate release. (Docs. 1, 10.) On September 8, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412. (Doc. 16.) Specifically, the magistrate judge recommended that Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $7,316.12. *Id.* at 9. The Court served the findings and recommendations on all parties. Respondents timely filed objections, (Doc. 17), to which Petitioner responded. (Doc. 18.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are generally supported by the record and by proper analysis. Among other things, Respondents argue in their objections that the Court should hold

the motion in abeyance until the Supreme Court decides *Palacios v. Liggins*, No. 25-1223, __ S. Ct. __, 2026 WL 1855057 (June 29, 2026) (granting writ of certiorari). The Court declines to exercise its discretion to hold the motion in abeyance pursuant to its discretion under *Landis v. North American Co*., 299 U.S. 248 (1936), for the reasons articulated by another judge in this District:

> Here, the [*Landis*] factors weigh against a stay and in favor of finality. Entering a stay would prohibit compensation for Petitioner's counsel in a case in which she is entitled to fees. Such a failure to compensate attorneys may have a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel. Conversely, there is no hardship or inequity in resolving this motion to bring this case to a close. Indeed, Respondents do not articulate any hardship or inequity which would befall them. Finally, it is in the orderly course of justice to effect swift justice to Petitioner and counsel and bring finality to this matter, which requires no further litigation or narrowing of issues.

*V.O. v. Noem*, No. 1:25-CV-1796-TLN-JDP, 2026 WL 2568900, at *2 (E.D. Cal. Aug. 28, 2026); *see also R.M.D.E. v. Chestnut*, No. 1:26-CV-03903-MWJS, 2026 WL 2797943, at *2 (E.D. Cal. Sept. 18, 2026) (collecting cases reaching the same result).

However, the Court departs from the findings and recommendations as to the reasonableness of the hours billed in this matter. (*See* Doc. 12-4 (Billing Ledger).) Several tasks billed by the assigned paralegal are clerical in nature and thus not compensable. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (finding that time spent on "filing, transcript, and document organization" was "clerical in nature" and therefore not compensable under EAJA); *see also Ricardo Javier R. v. Chestnut*, No. 1:26-CV-00656-JLT-EGC (HC), 2026 WL 2718799, at *2 (E.D. Cal. Sept. 15, 2026) (same). These include:

- 1.0 hours billed on 3/6/36 for the task: "Prepared packet visit"
- 0.5 hours billed on 3/11/26 for the task: "Missing Documents Received: Full Package Sent to Sean"
- 0.5 hours billed on 3/13/26 for the task: "Status Update: Document Processing & Travel Arrangements Inquiry"
- 2.5 hours on 3/17/26 for the task: "Exhibit preparation and document

organization."

- 2.0 hours billed on 3/17/26 for the task: "CM/ECF filing and service coordination."

The above 6.5 hours of paralegal time will be deducted from the fee award, for a total deduction of 6.5 hours x $125=$812.50.

Counsel also billed the following entries that the Court finds unreasonable under the circumstances:[1]

- On 3/16/26, counsel billed 2.5 hours for the task: "review of court minute order and litigation strategy." The Court's minute order was three short paragraphs and primarily directed <u>Respondents</u> to undertake various actions. A more reasonable figure for this task would be 30 minutes, a 2-hour reduction.
- On 3/30/26, counsel billed 4.5 hours spent drafting the merits reply, which was four pages long, with approximately 2.5 pages of substantive material. (*See* Doc. 9.) This entry will be reduced by 2 hours, to 2.5 hours, to more reasonably reflect the task.

Thus, the award will be reduced by an additional 4 hours x $258.46 = $1033.84.

In sum, the fee award recommended by the magistrate judge ($7,316.12) will be reduced by $1846.34, to $5469.78.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on September 8, 2026 (Doc. 16) are **ADOPTED** in part.
2. Petitioner's motion for award of attorney's fees pursuant to 28 U.S.C. § 2412 (Doc. 12) is **GRANTED IN PART**:
   a. Respondents are **ORDERED** to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $5,469.78.

---

[1] The Court is giving counsel the benefit of the doubt as to the other tasks listed in the ledger, even though he has pursued dozens of similar lawsuits in this Court in recent months. In the Court's experience, there has been significant overlap in the filings submitted in these cases.

b. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

Dated: _November 12, 2026_

UNITED STATES DISTRICT JUDGE